OPINION OF THE COURT
William A. Walsh, Jr., J.
In this CPLR article 78 proceeding, petitioner seeks judgment directing respondents to reinstate Walter King as a full-time day student at Yonkers High School, to prohibit respondents from suspending, or expelling that student for more than five days without affording him an evidentiary hearing pursuant to section 3214 of the Education Law, to expunge all records of termination and for counsel fees.
In December, 1978, Walter King, 16 years of age, transfer *611 red from the Mount Vernon school system to Yonkers High School. According to the principal of Yonkers High School, that student attended school for only 28 days for the period December, 1978 to May, 1979. During that period, there were many communications addressed to the student’s mother asking that she confer with the principal about Walter King’s truancy. At a meeting in May, 1979, the principal advised the parent that her son should become involved in a local "Manpower” program, attend summer school and return to Yonkers High School in September, 1979, as a day student.
Thereafter, the principal alleges that he conferred with Walter King and his mother on September 10, 1979, at which time the principal discovered that the suggestions regarding "Manpower” enrollment and summer school had been disregarded. It was then proposed that Walter King attend evening high school for the balance of the academic year with the expectation of being admitted as a day student beginning in September, 1980. This proposal was not followed, and the principal "dropped” Walter King from the rolls of Yonkers High School pursuant to authority vested in him by the school district.
"In each school district of the state, each minor from six to sixteen years of age shall attend upon full time instruction.” (Education Law, § 3205, subd 1, par a.) A school delinquent is a minor under 17 years of age who is habitually truant, or irregularly attends school, or is insubordinate or disorderly during school attendance. (Education Law, § 3214, subd 1.) Special day schools or rooms set apart in public school buildings may be established for the instruction of school delinquents (Education Law, § 3214, subd 2).
School authorities, including a principal, are empowered to suspend from school for a period not to exceed five days only those pupils who are insubordinate or disorderly, or whose conduct otherwise endangers the health, safety, morals or welfare of others, or whose physical or mental condition endangers the health, safety or morals of himself or others, or one who is determined to be feeble-minded. There may be no suspension for a period in excess of five days unless an evidentiary hearing is held (Education Law, § 3214, subd 3).
Walter King is 16 years of age and is subject to the compulsory school attendance provision of section 3205 of the Education Law. That provision is applicable to minors "from six to sixteen years of age”. In view of subdivision 1 of section 3214 *612 of the Education Law which defines as a school delinquent a truant minor under 17 years of age, a 16-year-old student must fall within the purview of section 3205. Obviously, the legislative intent was to apply delinquency status only to those truant, disorderly, or insubordinate students who are compelled to attend school.
The suspension and evidentiary hearing provisions of subdivision 3 of section 3214 are not applicable to Walter King’s case since a truant is not designated therein as a school delinquent who can be suspended.
A student 16 years of age who is habitually truant, or is irregular in school attendance cannot be suspended, expelled or "dropped” from school rolls. Any school district directive so providing must be annulled. The only appropriate action which may be taken in such a case is to establish a day school, or set apart rooms in public school buildings for the instruction of those school delinquents as provided for in subdivision 2 of section 3214 of the Education Law.
The petition is granted to the extent of directing respondents to reinstate Walter King as a full-time day student at Yonkers High School and the records relating to the termination of his status as a student are annulled.
In all other respects the petition is denied.